FILED

**NOT FOR PUBLICATION**[*]

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUKE M. HUNTON, | No. 09-35044 |
| Petitioner-Appellant, | D.C. No. 2:06-CV-00054-FVS |
| v. | |
| STEPHEN SINCLAIR, | MEMORANDUM |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred Van Sickle, District Judge, Presiding

Submitted July 12, 2011[**]
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN,[***] District
Judge.

Luke M. Hunton appeals from the denial of his petition for a writ of habeas

corpus filed in the United States District Court for the Eastern District of Washington.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge for the
Eastern District of New York, sitting by designation.

We assume the parties' familiarity with the facts and procedural history of this case. Briefly, the petition arises out of his conviction for bank robbery in Washington State. On his direct appeal to the Washington Court of Appeals, Hunton alleged that the prosecution had failed to timely disclose *Brady* material. The Washington Court of Appeals observed that "Mr. Hunton may have a point," however it held that "the factual basis for his claim cannot be examined on the record before this court. *See State v. Crane*, 116 Wn.2d 315, 335, 804 P.2d 10 (1991) (review is limited to the appellate record)." The Supreme Court of Washington denied review on October 6, 2004.

Hunton then sought a personal restraint petition, which is a form of collateral attack on the judgment of conviction, that is filed originally in the Court of Appeals. *See, e.g.*, Wash. Rev. Code Ann. § 10.73.090 (2011); Wash. R. App. P. 16.5. He failed to raise the *Brady* issue in this collateral attack, in which he could have expanded upon the appellate record. After this personal restraint petition was denied, he filed the present petition for a writ of habeas corpus, which was denied by the district court. The district court held, to the extent here relevant, that although the *Brady* claim had been exhausted on Hunton's direct appeal, the refusal of the Washington Court of Appeals to consider it, because of an insufficiently developed appellate record, constituted a procedural forfeiture. This two-part holding constitutes

2

the basis for the first two questions as to which we issued a certificate of appealability, namely: "Whether the district court properly ruled that appellant's *Brady* claim procedurally defaulted" and "Whether the district court properly ruled that appellant exhausted his *Brady* claim, and if not, whether the district court should have afforded appellant an opportunity to exhaust the claim in state court through a personal restraint petition."

The district court erroneously concluded that, because the Washington Court of Appeals refused to consider Hunton's *Brady* claim, that claim was procedurally forfeited. Indeed, the State of Washington concedes as much in its brief on appeal. The holding of the Washington Court of Appeals simply reflected the fact that Hunton had pressed his *Brady* claim in the wrong forum, not that he had procedurally forfeited it. Indeed, there is no dispute that he remained free to raise his claim in a personal restraint petition. The first certified question is, therefore, answered in the negative.

The district court also erroneously ruled that Hunton had exhausted his *Brady* claim. The *Brady* claim had not been exhausted, notwithstanding the fact that it was raised on direct appeal, because (1) the Washington Court of Appeals determined that it "could not, consistent with its own procedural rules, have entertained it," *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), and (2) Hunton had available to him a remedy by way of the personal restraint petition, *see* 28 U.S.C. § 2254(c) ("An applicant shall

3

not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *cf. United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991) (declining to consider ineffective assistance of counsel claim on direct appeal because "[t]he more appropriate way to pursue this . . . claim is by way of a habeas corpus proceeding"). The first part of the second certified question is, therefore, also answered in the negative.

No easy answer is available with respect to the second part of the second question certified, namely, "whether the district court should have afforded appellant an opportunity to exhaust the claim in state court through a personal restraint petition." Such an opportunity is normally referred to as a "stay and abeyance procedure." In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that such a procedure should never be granted where the claims are plainly meritless. *Id.* at 277. Moreover, the procedure is only appropriate "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Nevertheless, because of its erroneous conclusion that the claim was exhausted and procedurally forfeited, the district court never considered whether to exercise its discretion to invoke the stay and abeyance procedure either under *Rhines* or under the pre-*Rhines* version of that procedure that was also available to

4

him.  *See King v. Ryan*, 564 F.3d 1133, 1140–41 (9th Cir. 2009).  We decline to consider that question in the first instance.  Accordingly, we remand the case to the district court so that it can undertake this inquiry.[1]  Before it does so, however, the district court should address whether Hunton's *Brady* claim is procedurally forfeited on grounds other than the ground initially relied upon by the district court.  In particular, Hunton has called to our attention, in his supplemental filings,[2] certain state court proceedings that have occurred since his petition for a writ of habeas corpus was denied, which may be relevant to this determination.

**REVERSED AND REMANDED.**

---

[1] Remanding the case so that the district court may undertake this analysis makes it unnecessary for us to reach the third certified question, namely "[w]hether appellant is entitled to relief on his *Brady* claim," which had never been considered on its merits by any court, either at the time that the district judge dismissed Hunton's petition or thereafter.

[2] Hunton has done so in six separate motions to enlarge the record.  Because the materials principally include opinions in proceedings Hunton commenced in the Washington State courts, of which we may take judicial notice, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), we grant the motions.  Hunton has also filed a motion to remand to the district court for consideration of claims not previously presented to the district court.  We deny this motion, without prejudice to a motion in the district court to amend the habeas petition to raise new claims.